(No. 3305—

Woodrow Vick, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed March 9, 1943.*

Roy R. Helm, for claimant.

George F. Barrett, Attorney General; Robert V. Ostrom, Assistant Attorney General, for respondent.

Fisher, J.

This claim was filed August 3, 1938 for benefits under the Illinois Workmen's Compensation Act as the same is applicable to State employees. The claim is based on injury alleged to have arisen out of and in the course of claimant's employment as a laborer while employed by the Division of Public Works and Buildings of the State of Illinois.

From the record, it appears that on August 11, 1937 claimant, while engaged in his duties as an employee of the Division of Public Works and Buildings, was constructing a guard rail fence on Route No. 45 north of the City of Brookport, Illinois. That in such employment he was required to set posts in post holes, and while so engaged he bruised his right hand and was struck on the right knee. He was removed to his home in Brookport and later to Fisher Hospital in Metropolis for treatment, and that he was later taken to the I. C. Hospital in Paducah, Kentucky. That the Department of Public Works and Buildings had immediate knowledge of the injury, and that the accident arose out of and in the course of his employment.

The complaint was filed in apt time, the State had sufficient notice and, therefore, this court has jurisdiction.

Claimant seeks an award for temporary total disability; for permanent incapacity; for total, complete and permanent loss of the use of his right leg; and for moneys expended for hospital, nursing and medical services.

The record consists of the Complaint, Report of the Department of Public Works and Buildings, Transcript of the Testimony, the Abstract of Record, and Statement, Brief and Argument of respective counsel.

Claimant alleges that in setting, removing and placing guard rail posts, his knee was injured and his right hand bruised. The evidence shows that an infection later developed which resulted in a stiff knee, and claimant alleges the complete loss of the use of his right leg. Dr. J. H. Gann, Brookport, Illinois, to whom claimant was first taken, testified that when first examined he found claimant suffering from what "looked to be a bruise on the palm surface of his right hand and also some swelling of the right knee."

Dr. W. A. Gray of Metropolis, Illinois, was later engaged to treat claimant because of the illness of Dr. Gann. There is much testimony as to this injury, its cause and result, and, as respondent points out, the testimony of Dr. Gray is in considerable confusion.

Respondent contends that there is insufficient proof that claimant was injured in the course of his employment and, therefore, the claim should be dismissed.

It appears that a representative of respondent called on Dr. Gann, as the following testimony of Dr. Gann appears on page 48 of the transcript of evidence:

"Q. Did you discuss with Mr. Colclasure (claimant's immediate superior) both the hand and the knee injury?

A. Well, not to a great extent any more than when he stated fill out the diagram, I just put down about the hand and I said what about this knee, he has something wrong with it, did you know it and he said just put down the hand. I said, 'Don't you think we should mention the knee?' and he said don't include it and I didn't. That was the report that went into the department. The best I recollect the one I filled out on the porch we discussed the knee business and he told me not to put it on that report and I didn't put it on any report.

Q. Now, you say that was either the same day or the following day?

A. Yes.

Q. You don't remember which?

A. I wouldn't be very positive. He told me says, well, says no use to put that in because this is what we are sending in and should be sent in and the State wouldn't pay for those things anyway, and I says, whose going to pay me for the work. He says Woodrow will have to pay you and he says the State will pay you for your examination. And I asked if the State wouldn't pay me for anything hereafter. I wanted to know who was going to pay me. I had done

a lot of State work and I always had orders from somebody that I have the authority to do the work."

On page 41 of the Abstract of Evidence, Dr. Gray, on cross-examination:

"Q. Doctor, later on that same day didn't the representative report to you that he was unable to discover any accidental injury and therefore the State would not appear to be liable and requested that you inform Mr. Vick to that effect?

A. I don't recall him asking me to inform him, I understood that he informed him himself.

Q. He did discuss the necessity of informing Mr. Vick to that effect to you?

A. Yes, he mentioned statements in that regard."

It seems from this testimony that the person who investigated this claim on behalf of the Department assumed the responsibility to determine that there was no liability on the part of respondent to pay compensation and did not pursue the case for the purpose of presenting pertinent facts that would be helpful to the court in arriving at a just and fair decision. Respondent presents no evidence in the case.

We admit that the evidence offered by claimant leaves much unexplained, yet there is proof of certain facts that we cannot ignore. Claimant testified that he hurt his knee and bruised his hand while working for the Division of Highways on August 10, 1937, and Dr. Gann who first treated claimant on August 11, 1937 testified; (page 50, Transcript of Evidence.)

"Q. Based on the history of the case as you received it from him and your personal examination and individual diagnosis combined all those three is it your opinion that it was an injury or a disease?

A. My opinion is that it was an injury."

Dr. Gray testified (page 37, Transcript of Evidence) that in his opinion claimant's condition was caused by an injury and that claimant has a permanent stiffness of the right knee.

Respondent contends that claimant's injury could have been caused by a disease. This is very true—it could have been—but there is no proof of any disease and there is no evidence by respondent to challenge the testimony of claimant and the doctors who attended him. We are compelled, therefore, to find that claimant was injured in the scope of his employment and that he is entitled to compensation as provided in the Workmen's Compensation Act.

According to the record, employees engaged in a similar capacity work less than 200 days a year. Claimant earned

50c an hour, worked an 8 hour day; thus, earned $4.00 a day. Under Section 10 of the Workmen's Compensation Act, claimant would be entitled to compensation figured on a basis of $800.00 a year, or an average weekly salary of $15.38. His temporary total disability is admitted by claimant to be 37 weeks. He is entitled to 50% of his average weekly wage for 37 weeks, or $7.69 x 37, total $284.53.

The claim for partial incapacity must be denied.

Claimant also seeks an award for the total, complete and permanent loss of the use of his right leg. The evidence shows that the right knee was ankylosed but that the leg was otherwise uninjured. Claimant still has the use of the leg, but its full use is impaired. It would seem reasonable that claimant has sustained a 40% loss of the use of his right leg, and he is entitled to compensation on this basis.

Section 8 (E 15) provides for the loss of a leg or the permanent and complete loss of its use, 50% of the average weekly wage during 190 weeks. $7.69 x 190 amounts to $1,461.10. Forty per cent of this amount is $584.44, which claimant is entitled to receive for the partial loss of the use of his right leg.

Claimant expended for hospital, nursing services and medical supplies, the sum of $260.54, for which sum he should be reimbursed.

It appears from the record that the charges of Dr. Gray and Dr. Gann are customary and reasonable charges for services performed, and have not been paid. An award should, therefore, include the charge of Dr. W. A. Gray in the sum of $326.00 and Dr. Joseph H. Gann in the sum of $12.00.

Claimant is, therefore, entitled to an award for

| | |
|---|---:|
| Temporary total disability | $284.53 |
| Partial loss of the use of his right leg | 584.44 |
| Reimbursement for nursing and medical expenditures | 260.54 |
| Charge of Dr. W. A. Gray, Metropolis, Illinois | 326.00 |
| Charge of Dr. Jos. H. McGann, Brookport, Illinois | 12.00 |
| Total | $1,467.51 |

An award is, therefore, entered in favor of claimant, Woodrow Vick, in the sum of $1,467.51, payable as follows:

| | | |
|---|---|---:|
| To: | Dr. W. A. Gray, Metropolis, Illinois | $ 326.00 |
| To: | Dr. Joseph H. Gann, Brookport, Illinois | 12.00 |
| To: | Woodrow Vick | 1,129.51 |

all of which is accrued and payable forthwith.

This award being subject to the provisions of an Act entitled, ''An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the. Method of Payment Thereof,'' approved June 30, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided for in such Act.